FILED
MAR - 9 2020
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMANTHA ELIZABETH BRAGG, )
)
        Plaintiff, )
) Civil Action No.: 1:20-cv-00237 (UNA)
v. )
)
DR. MARK T. ESPER, )
)
        Defendant. )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B), by which the court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff has filed a 230-page complaint against the United States Secretary of Defense. She alleges that "Executive Order 13865 published March 29, 2019" states "the Federal Government must provide warning of an impending EMP [electromagnetic pulse], protect against and respond to and recover from the effects of an EMP." Plaintiff, a resident of Tempe, Arizona, also alleges that she has endured "electronic harassment" and "directed energy" from exposure to

1

EMP, which has caused her to endure various medical problems, including severe burns and cellulitis. She contends that both her former personal residence and much of the city of Phoenix have been subject to "acts of warn upon unarmed, non-combatant civilians[,]" and have experienced large-scale environmental repercussions from exposure to "electromagnetic weapon[s] . . . with both ultrasound and microwave auditory hearing effects[.]" She requests that the Secretary of Defense "schedule a time with the United States military to test (eliminate) the last set of electromagnetic pulses, frequencies, in violation of Executive Order 13865, being used to harass and torment her." She also seeks "copies of surveillance video from her visits to the Phoenix Federal Bureau of Investigation[.]"

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08.

The instant complaint satisfies this standard. In addition to failing to state a claim for relief, the complaint is deemed frivolous on its face. Consequently, the complaint and this case will be dismissed.[1] A separate order accompanies this memorandum opinion.

Date: 5/5/20

United States District Judge

---

[1] The court notes that plaintiff has, per her own admission. filed very similar matters in other federal courts, all of which have been unsuccessful. *See Bragg v. Hammett*, No. 20-cv-00021-WJ-KK (D.N.M. filed Jan. 8, 2020) (dismissed *with prejudice* for failure to state a claim); *Bragg v. Canterbury*, No. 19-02897-PHX-DJH (D. Ariz. filed May 7, 2019) (dismissed without prejudice for failure to state a claim); *Bragg v. Shiffler*, No. 1:19-cv00360-RB-JHR (D.N.M. filed Apr. 19, 2019) (dismissed without prejudice for failure to state a claim).